## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **COLFIN JIH AHI PROPERTIES LLC** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO. _____** |
| | ) | |
| **VERSUS** | ) | |
| | ) | |
| **INTERNAL REVENUE SERVICE** | ) | **SEC. _____; MAG. _____** |
| | ) | |
| **Defendant** | ) | |
| | ) | |

### COMPLAINT FOR RELIEF UNDER FREEDOM OF INFORMATION ACT

ColFin JIH AHI Properties LLC ("ColFin"), through undersigned counsel, brings this Complaint for Relief Under the Freedom of Information Act against defendant Internal Revenue Service ("I.R.S.").

### I.      JURISDICTION AND VENUE

1.      This is a case for relief pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, which gives this Court authority to order the production of agency records improperly withheld.  *See* 5 U.S.C. § 522(a)(4)(B).

2.      Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B).

### II.      THE PARTIES

#### A.  ColFin

3.      ColFin is a limited liability company organized under the laws of Delaware with its principal place of business in California.

#### B.  I.R.S.

4.      The I.R.S. is a bureau of the United States Department of the Treasury and an agency of the United States Federal Government for purposes of FOIA.

### III.   FACTUAL ALLEGATIONS

5.      ColFin was formerly known as JER/Jameson Properties LLC ("JER/Jameson").

6.      JER/Jameson was a subsidiary of Jameson Inns, Inc. ("Jameson Inns").

7.      JER/Jameson operated several hotels throughout the United States.

8.      The subsidiary JER/Jameson reported its taxable income on the federal tax returns prepared and filed by its parent Jameson Inns for the tax years ended December 31, 2007; December 31, 2008; December 31, 2009; December 31, 2010; and December 31, 2011.

9.       JER/Jameson changed its name to ColFin on December 14, 2012.  *See* Exhibit 1.

10.     ColFin, therefore, as the entity formerly known as JER/Jameson has the right to the tax returns of JER/Jameson's parent Jameson Inns for the tax years cited above as JER/Jameson's income was reported on those tax returns, rather than on separate tax returns solely for JER/Jameson.

11.     In connection with legal matters pending in New Orleans, Louisiana, ColFin f/k/a JER/Jameson desired to obtain the federal income tax returns of Jameson Inns for the tax years ended December 31, 2007; December 31, 2008; December 31, 2009; December 31, 2010; and December 31, 2011 as those tax returns would have included the taxable income of Jameson Inns' subsidiary JER/Jameson.

12.     Under I.R.S. regulations for the production of a party's tax returns, a subsidiary is entitled to seek production of tax returns of its parent company where the subsidiary's income is reported on the parent's tax returns.  *See* I.R.S. IRM 11.3.2.4.4(2).  Thus, ColFin sought production of Jameson Inn's tax returns in accordance with prevailing I.R.S. regulations.

13.     On April 10, 2015, ColFin made a request, through counsel, to the I.R.S. via executed Forms 4506 and 4506-T for copies of tax returns filed by Jameson Inns.  *See* Exhibit 2.

14.     On May 4, 2015, the I.R.S. denied ColFin's request and refused to provide any explanation for the denial to ColFin, noting only that any explanation for the denial was sent to Jameson Inns.  *See* Exhibit 3.

15.     On June 1, 2015, ColFin, f/k/a JER Jameson, a former subsidiary of Jameson Inns, sent through counsel, to the I.R.S. another executed Form 4506 and 4506-T for the tax returns of Jameson Inns.  *See* Exhibit 4.

16.     On June 18, 2015, the I.R.S. denied ColFin's request, again, and again provided no explanation for the denial, noting only that any explanation for the denial was sent to Jameson Inns.  *See* Exhibit 5.

17.     ColFin f/k/a JER/Jameson avers that it has complied with all requirements under FOIA for the production of its own tax returns as JER/Jameson is a former subsidiary of Jameson Inns.

18.     ColFin has exhausted all administrative remedies under FOIA for the production of its tax returns and requires the assistance of this Court to obtain relief.

## Count I – Request for Order Compelling I.R.S. to Turn over Tax Returns

19.     26 U.S.C. § 6103 provides that "[t]he [tax] return of a person shall, upon written request, be open to inspection by or disclosure to . . . in the case of the return of a corporation or a subsidiary thereof . . . any officer or employee of such corporation upon written request."  26 U.S.C. § 6103(e)(1)(D)(ii).

20.     The I.R.S.'s Internal Revenue Manual ("IRM") provides in pertinent part that "[i]f a corporation has filed a consolidated return ***which includes the return of the subsidiary***, the entire return and return information ***is the return or return information of the subsidiary***." I.R.S. IRM 11.3.2.4.4(2) (emphasis added).  Thus, a subsidiary of a corporation may request the parent's tax return because the parent's tax return is to be treated as the return of the subsidiary.

21.     ColFin f/k/a JER/Jameson has a legal right to request the tax returns of Jameson Inns

under 26 U.S.C. § 6103 as JER/Jameson was Jameson Inns' successor.

22.     Section 6103 does not, by itself, provide authority for this Court to order production of

the tax returns, but that section operates within the framework of FOIA and the jurisdiction

afforded this Court to hear claims based on the improper withholding of agency records.  *See*

*Bureau of Nat'l Affairs, Inc. v. U.S. Dep't of Justice*, 742 F.2d 1484, 1488 (D.C. Cir. 1984);

*Marciano v. Shulman*, 795 F. Supp. 2d 35, 39 (D.D.C. 2011).

23.     As noted above, ColFin has complied with the requirements of section 6103 and I.R.S.

regulations seeking production of its tax returns.  ColFin has exhausted its administrative

remedies.

24.     ColFin, therefore, respectfully requests that this Court enter an order pursuant to FOIA

requiring the I.R.S. to produce to it federal tax returns filed by Jameson Inns for taxable years

ending December 31, 2007; December 31, 2008; December 31, 2009; December 31, 2010; and

December 31, 2011.

25.     ColFin further requests that, upon finding that ColFin has "substantially prevailed" in this

case, this Court find that ColFin is entitled to recover attorney's fees and costs and, further that

the Court award it attorney's fees and costs incurred in seeking production of said tax returns

pursuant to 5 U.S.C. § 552(a)(4)(E)(i) or any other provision of applicable law.

### PRAYER FOR RELIEF

Wherefore, ColFin demands that judgment be entered in its favor and against the I.R.S.

and that the I.R.S. be ordered to produce to ColFin the federal tax returns filed by Jameson Inns

for taxable years ending December 31, 2007; December 31, 2008; December 31, 2009;

December 31, 2010; and December 31, 2011.  ColFin further prays for an award of attorney's

fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E)(i) or any other applicable provision of law and

all other relief deemed appropriate by this Honorable Court.

RESPECTFULLY SUBMITTED,

/s/ *Martha Y. Curtis*

MARTHA Y. CURTIS
          U.S.D.C. Bar No. TX0110
**SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Suite 2800
New Orleans, Louisiana  70112-4046
Telephone:  (504) 299-2100
Facsimile:   (504) 299-2302

**Attorney for Plaintiff
ColFin JIH AHI Properties, LLC**